# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
----------------------------------------------------------------X

SOPHIE LIU,

Plaintiff,

- against -

TESLA, INC.,

Defendant.
----------------------------------------------------------------X

Index No:
Date Filed:

Plaintiff designates Orange
County as the place of trial.

**SUMMONS**

The basis of venue is CPLR 503.

Plaintiff resides at:

24 Drago Ln
Middletown, NY 10940

**TO THE ABOVE-NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
March 6, 2026

RATSENBERG & ASSOCIATES, P.C.
Yours etc.,

BY: _N. Ratsenberg_
NATALIA RATSENBERG, ESQ.
Attorneys for Plaintiff
**SOPHIE LIU**
2579 East 17th Street, Suite 51
Brooklyn, New York 11235
(718) 676-5757

To:    TESLA, INC.
       c/o LEGAL DEPARTMENT
       13101 Tesla Road
       Austin, TX 78725

-1-

Case 7:26-cv-04814 Document 1-1 Filed 06/08/26 Page 3 of 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
SOPHIE LIU,

                    Plaintiff,

        - against -

TESLA, INC.,

                    Defendant.
-----------------------------------------------------------------X

Index No:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **RATSENBERG & ASSOCIATES, P.C.**, complaining of the defendant herein, respectfully states and alleges, upon information and belief, as follows:

## PARTIES

1.    Plaintiff, SOPHIE LIU, at all times of the institution of this action, was and still is a resident of the County of Orange, State of New York.

2.    Upon information and belief, that at all times hereinafter mentioned, the defendant, TESLA, INC., at all times of the institution of this action, was and still is a foreign business corporation, duly organized and existing under the laws of the State of Texas with principal offices located in the County of Travis, State of Texas.

## FACTUAL BACKGROUND

3.    Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

4.    Upon information and belief, the defendant, TESLA, INC., was and still is engaged in the business of selling, manufacturing, distributing, and/or designing electric vehicles.

5.    Upon information and belief, the defendant, TESLA, INC., sold a certain electric vehicle known as the Tesla Model Y.

-2-

6.     Upon information and belief, the Tesla Model Y was marketed and sold as containing a suite of advanced driver assistance features collectively known as Autopilot.

7.     Upon information and belief, the defendant, TESLA, INC., has made several public statements concerning the quality, safety, and sophistication of its electric vehicles, including the Tesla Model Y, and has publicly advertised the safety of said vehicles.

8.     Prior to August 11, 2025, in July of 2025, Plaintiff, SOPHIE LIU, purchased a certain 2026 Tesla Model Y bearing Vehicle Identification No. 7SAYGDEE6TF392355 that was sold by the defendant, TESLA, INC..

9.     The 2026 Tesla Model Y bearing Vehicle Identification No. 7SAYGDEE6TF392355 that was purchased by Plaintiff, SOPHIE LIU, included Autopilot features such as Traffic-Aware Cruise Control, which maintains and adjusts speed, and Autosteer, which intelligently keeps Model Y vehicles in its lane.

10.     On or about August 11, 2025, at approximately 12:00 PM, Plaintiff, SOPHIE LIU, was operating the aforesaid 2026 Tesla Model Y bearing Vehicle Identification No. 7SAYGDEE6TF392355.

11.     On or about August 11, 2025, at approximately 12:00 PM, Plaintiff, SOPHIE LIU, was operating the aforesaid 2026 Tesla Model Y bearing Vehicle Identification No. 7SAYGDEE6TF392355 with Autopilot enabled.

12.     On or about August 11, 2025, at approximately 12:00 PM, while Plaintiff, SOPHIE LIU, was operating the aforesaid 2026 Tesla Model Y bearing Vehicle Identification No. 7SAYGDEE6TF392355 with Autopilot enabled as it was traveling on New Jersey Route 23, at or near 205 Route 23 in Wantage, New Jersey, the electric vehicle being operated by Plaintiff came into contact with a strip mall located on the premises of 205 Route 23 in Wantage, New Jersey.

- 3 -

13. Upon information and belief, the source of the motor vehicle accident that occurred on or about August 11, 2025, at approximately 8:00 AM, was a malfunction with the Tesla Model Y's Autopilot and brake systems that caused both systems to not respond to driver input in an adequate and timely manner to avoid said collision.

14. This action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

### AS AND FOR A FIRST CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY – DESIGN DEFECT)

15. Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

16. At all times relevant hereto, including prior to August 11, 2025, the defendant, TESLA, INC., owed a duty to design the Tesla Model Y and its Autopilot system in a manner to avoid unreasonable risk of harm to anyone likely to be exposed to its danger when used in a manner for which it was intended, as well as, the unintended yet reasonably foreseeable uses.

17. At all times relevant hereto, including prior to August 11, 2025, the defendant, TESLA, INC., placed the Tesla Model Y and its Autopilot system into the stream of commerce in a condition that was unreasonably dangerous for its intended use.

18. The aforesaid occurrence was caused by the defendant, TESLA, INC., breach of their duty to design and place into the stream of commerce the Tesla Model Y and its Autopilot system in a condition that was reasonably safe for its intended or foreseeable uses.

19. The aforementioned design defect of the Tesla Model Y and its Autopilot system was a substantial factor in causing damage to Plaintiff, SOPHIE LIU.

20. By reason of the foregoing, Plaintiff, SOPHIE LIU, has been damaged in an amount, which after the adjustments and calculations expected to be required by the application

- 4 -

Case 7:26-cv-04814    Document 1-1    Filed 06/08/26    Page 6 of 11

of Article 50-B of the Civil Practice Law and Rules exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
### (STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT)

21.     Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

22.     At all times relevant hereto, including prior to August 11, 2025, the defendant, TESLA, INC., owed a duty to manufacture the Tesla Model Y in a manner consistent with established specifications for its intended design and free from manufacturing defects that could cause harm

23.     At all times relevant hereto, including prior to August 11, 2025, the defendant, TESLA, INC., placed the Tesla Model Y into the stream of commerce in a condition that deviated from such specifications or intended design, resulting in a defective product.

24.     The aforementioned manufacture defect of the Tesla Model Y reached Plaintiff, SOPHIE LIU, without substantial change, alteration, or modification from the time it was placed in the stream of commerce in a defective condition.

25.     The aforesaid occurrence was caused by the defendant, TESLA, INC., breach of their duty to manufacture and place into the stream of commerce the Tesla Model Y in a condition that was reasonably safe for its intended or foreseeable uses.

26.     The aforementioned manufacture defect of the Tesla Model Y was a substantial factor in causing damage to Plaintiff, SOPHIE LIU.

27.     By reason of the foregoing, Plaintiff, SOPHIE LIU, has been damaged in an amount, which after the adjustments and calculations expected to be required by the application

- 5 -

of Article 50-B of the Civil Practice Law and Rules exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

28.     Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

29.     At all times relevant hereto, including prior to August 11, 2025, the defendant, TESLA, INC., warranted to their customers that the Tesla Model Y was reasonably safe and fit for its ordinary purpose, namely as an electric vehicle.

30.     At all times relevant hereto, including prior to August 11, 2025, the defendant, TESLA, INC., placed the Tesla Model Y into the stream of commerce in a condition that was defective and dangerous for such purpose.

31.     The aforementioned defective and dangerous Tesla Model Y was delivered to Plaintiff, SOPHIE LIU, without substantial change, alteration, or modification from the time it was placed in the stream of commerce in a defective condition.

32.     The aforesaid occurrence was caused by the defendant, TESLA, INC., breach of their warranty of merchantability by placing into the stream of commerce the Tesla Model Y in a condition that was not reasonably safe for its ordinary purpose.

33.     By reason of the foregoing, Plaintiff, SOPHIE LIU, has been damaged in an amount, which after the adjustments and calculations expected to be required by the application of Article 50-B of the Civil Practice Law and Rules exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

- 6 -

Case 7:26-cv-04814   Document 1-1   Filed 06/08/26   Page 8 of 11

34.     Plaintiff repeats and realleges each and every allegation set forth in each and every paragraph herein before set forth inclusive of this complaint, with the same force and effect as though herein set forth as length.

35.     At all times relevant hereto, including prior to August 11, 2025, the defendant, TESLA, INC., owed a duty of care when designing, manufacturing, distributing, testing, marketing, and selling the Tesla Model Y to the general public.

36.     The aforesaid occurrence was caused by the negligence, carelessness, and/or recklessness of the defendant, TESLA, INC., in the design, manufacturing, testing, marketing, and sale of the Tesla Model Y.

37.     By reason of the foregoing occurrence, Plaintiff, SOPHIE LIU, sustained serious injury as defined in Section 5102 (d) of the Insurance Law of the State of New York.

38.     As a result of the foregoing occurrence, Plaintiff, SOPHIE LIU, suffered "economic loss" in excess of "basic economic loss," as those terms are defined by Article 51 of the Insurance Law of the State of New York.

39.     By reason of the foregoing, Plaintiff has been damaged in an amount, which after the adjustments and calculations expected to be required by the application of Article 50-B of the Civil Practice Law and Rules exceeds the jurisdictional limit of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff, SOPHIE LIU, demands judgment against the defendant, TESLA, INC., on all causes of action, as follows:

(a)     In an amount which exceeds the jurisdictional limits of all lower court which would otherwise have jurisdiction;

(b)     Awarding Plaintiff interests, costs, and disbursements in this action; and

(c)     Granting such and other and further relief as this Court may deem just and proper.

- 7 -

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
March 6, 2026

**RATSENBERG & ASSOCIATES, P.C.**
Yours etc.,

BY: _N. Ratsenberg_____
NATALIA RATSENBERG, ESQ.
Attorneys for Plaintiff
**SOPHIE LIU**
2579 East 17th Street, Suite 51
Brooklyn, New York 11235
(718) 676-5757

- 8 -

## <u>VERIFICATION</u>

STATE OF NEW YORK   )
                    )
COUNTY OF            ) ss:

SOPHIE LIU, being duly sworn, deposes and says:

I am the Plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof and that the same is true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

*Sophie Liu*
SOPHIE LIU

I affirm this _5_ day of _March_, _2026_ under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

- 9 -

Case 7:26-cv-04814    Document 1-1    Filed 06/08/26    Page 11 of 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

SOPHIE LIU,

                    Plaintiff,

        - against -

TESLA, INC.,

                    Defendant.

---

### SUMMONS & VERIFIED COMPLAINT

---

### RATSENBERG & ASSOCIATES, P.C.

ATTORNEYS AT LAW

*Attorneys for Plaintiff*

SOPHIE LIU

2579 East 17th Street, Suite 51
Brooklyn, New York 11235

Tel. (718) 676-5757
Fax (718) 676-5758

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated: 03/06/2026              Signature: *N. Ratsenberg*
                                      Print Signer's Name: NATALIA RATSENBERG, ESQ.

- 10 -